(2022-109)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| EMILIE WENTWORTH | § | |
| | § | |
| VS. | § | Civil Action No. 7:22-cv-00104 |
| | § | |
| TARGET CORPORATION | § | JURY DEMANDED |

**DEFENDANT'S FIRST AMENDED ANSWER**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW Defendant, TARGET CORPORATION, and hereby files this its First Amended Answer to Plaintiff's Petition and/or Amended Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, and in support hereof would show the Court as follows:

**I.**

**SPECIFIC ADMISSIONS AND DENIALS**

A.   **PARTIES.**

1.   Defendant admits that Plaintiff, EMILIE WENTWORTH, is a citizen of the United States and/or domiciled in or a resident of Hidalgo County, Texas.

2.   Defendant states that Target Corporation is a general merchandise retailer with its headquarters and/or principal place of business located at 1000 Nicollett Mall in Minneapolis, Minnesota. Defendant, Target Corporation, has entered an appearance in this case and may be served with additional papers, including pleadings, motions, discovery materials, and other documents, through undersigned counsel in accordance with the Federal Rules of Civil Procedure.

### B.     JURISDICTION & VENUE

3.      Defendant admits that the state and/or county courts of Hidalgo County, Texas would, in general, have jurisdiction over the parties and this case. However, Defendant states that this case was timely and properly removed to the United States District Court for the Souther District of Texas - McAllen Division, because the parties are completely diverse from each other and the amount in controversy exceeds $75,000.00. Defendant specifically denies the remaining allegations in Section IV of Plaintiff's Petition and/or Amended Complaint and demands Plaintiff provide strict proof of the allegations and claims made against Defendant.

### C.     FACTS.

4.      Defendant admits that on or about March 2, 2020, Plaintiff, Emilie Wentworth (hereinafter "Plaintiff" or "Ms. Wentworth"), presented to the Target store located at 7400 N. 10th Street in McAllen, Hidalgo County, Texas. Defendant specifically denies the remaining allegations outlined in Section V of Plaintiff's Petition and/or Amended Complaint and demands Plaintiff provide strict proof of the allegations and claims made against Defendant, Target Corporation (hereinafter "Defendant" or "Target").

### D.     CAUSES OF ACTION.

5.      Defendant specifically denies that it breached its duty of care and/or any other duties or responsibilities it may have owed to Plaintiff or that it was otherwise negligent before or at the time of the events in question. Defendant further specifically denies the remaining allegations in Section VI, subsection A., of Plaintiff's Petition and/or Amended Complaint and demands Plaintiff provide strict proof of the allegations and claims made against Defendant.

6. Defendant specifically denies that an unreasonably dangerous condition existed on the subject premises at the time in question. Defendant further specifically denies the remaining allegations in Section VI, Subsection B. 3., of Plaintiff's Petition and/or Amended Complaint and demands Plaintiff provide strict proof of the allegations and claims made against Defendant.

7. Defendant specifically denies it failed to inspect the premises for potential hazards and/or that it knew or should have known of any such hazards. Defendant further specifically denies the remaining allegations in Section VI, Subsection B. 4., of Plaintiff's Petition and/or Amended Complaint and demands Plaintiff provide strict proof of the allegations and claims made against Defendant.

8. Defendant specifically denies it failed to warn its patrons of potential hazards or that it failed to make any known conditions reasonably safe. Defendant further specifically denies the remaining allegations in Section VI, Subsection B. 5., of Plaintiff's Petition and/or Amended Complaint and demands Plaintiff provide strict proof of the allegations and claims made against Defendant.

9. Defendant specifically denies it breached any statutory or common law duties allegedly owned to Plaintiff and/or that any such breach caused the injuries Plaintiff claims she suffered. Defendant further specifically denies the remaining allegations in Section VI, Subsection B. 6., of Plaintiff's Petition and/or Amended Complaint and demands Plaintiff provide strict proof of the allegations and claims made against Defendant.

10. Additionally, Defendant specifically denies any other claims of negligence or allegations that it deviated from any applicable standard of care.

E.   **DAMAGES.**

11.   Defendant acknowledges that Plaintiff is seeking damages in this cause in an amount over $250,000, but less than $1,000,000, as described in Section VII of Plaintiff's Petition and/or Amended Complaint. However, Defendant specifically denies that Defendant is legally responsible for Plaintiff's alleged injuries and/or that any claimed damages are recoverable by Plaintiff against Defendant, as alleged in Plaintiff's Petition and/or Amended Complaint.

**II.**

**AFFIRMATIVE DEFENSES**

12.   Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, and applicable state law, Defendant alleges and will pursue the following affirmative defenses:

a.   Defendant affirmatively asserts that the incident in question was caused, in whole or in part, or contributed to, by the negligence of Plaintiff, EMILIE WENTWORTH, and not on the part of this Defendant and this Defendant invokes the doctrine of proportionate responsibility.

b.   Pleading further, and in the alternative, any recovery Plaintiff may have against this Defendant for the alleged injuries and damages must be proportionally reduced in accordance with the fault of Plaintiff, EMILIE WENTWORTH, or of third persons or parties over whose conduct this Defendant had no control, consistent with the principles of comparative responsibility.

c.   Pleading further, and in the alternative, Defendant affirmatively pleads that Plaintiff failed to responsibly mitigate her damages.

d.   Pleading further, and in the alternative, Defendant would state that the occurrence in question and the alleged damages, although such damages are not so acknowledged,

was/were the proximate result of an independent, intervening, or superseding causal force, thereby barring recovery against this Defendant.

e.  Pleading further, and in the alternative, Defendant would urge the Court that the Plaintiff, EMILIE WENTWORTH, was suffering from pre-existing medical conditions as that term is defined by law at the time of the events made the basis of this lawsuit and Defendant should not be responsible for any damages caused by any pre-existing medical conditions.

f.  Pleading further, and in the alternative, Defendant hereby pleads the limitations on recoverable damages concerning Plaintiff's medical or health care expenses, if any, to the amount actually paid or incurred by or on behalf of the Plaintiff pursuant to Section 41.0105 of the Texas Civil Practice and Remedies Code.

g.  Pleading further, and in the alternative, to the extent that Plaintiff was insured and entitled to health insurance benefits at any time relevant to this suit but chose, instead, to seek care outside of Plaintiff's approved provider network and/or possibly personally incur health care expenses by not timely submitting bills to Plaintiff's health insurer, Plaintiff failed to mitigate Plaintiff's damages, pursuant to Section 146.003 of the Texas Civil Practice & Remedies Code. Furthermore, to the extent that Plaintiff's health care service provider(s) failed and/or refused to timely and directly bill Plaintiff's insurer and/or health benefit plan for health care services provided to the Plaintiff and/or for health care expenses incurred by the Plaintiff, when required or authorized to do so, then claims by such health care service provider(s) are barred, in whole or in part, and do not constitute medical expenses actually paid or incurred by or on behalf of the Plaintiff. TEX. CIV. PRAC. & REM. CODE §146.001, et seq.

   h. Pleading further, and in the alternative, Defendant pleads its entitlement to have the jury consider the percentage of fault of all claimants, responsible third parties, and settling persons as required by Section 33.001 *et. seq.* of the Texas Civil Practice & Remedies Code. In accordance with the Texas Civil Practice & Remedies Code, Defendant may not be held jointly and severally liable for any amount of damages herein, *unless* the percentage of responsibility of each defendant, when compared with that of each responsible third party and each settling party, is greater than fifty-percent (50%). TEX. CIV. PRAC. & REM. CODE § 33.001 *et seq.*

   i. Pleading further, and in the alternative, Defendant asserts its rights under Section 33.003 of the Texas Civil Practice & Remedies Code, which permits the submission of questions determining the percentage of responsibility of each claimant, each defendant, each settling person, and each responsible third party who has been designated under Section 33.004.

   j. Pleading further, and in the alternative, if any claimant seeks recovery for loss of earnings or loss of earning capacity, the loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law. TEX. CIV. PRAC. & REM. CODE §18.091(a). If Plaintiff seeks recovery for loss of earnings or loss of earning capacity, the jury should be instructed as to whether any recovery for compensatory damages sought are subject to federal or state income taxes. TEX. CIV. PRAC. & REM. CODE §18.091(b).

   k. Pleading further, and in the alternative, Defendant reserves the right to further amend this Answer, subject to obtaining leave of this Court, at such time as discovery and investigation have been completed.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, TARGET CORPORATION., respectfully requests this Honorable Court deny all relief requested by Plaintiff and enter a take nothing judgment in favor of this Defendant dismissing all claims with prejudice, assess costs against Plaintiff, and award all other and further relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Anthony B. James*
Anthony B. James, Attorney-in-Charge
State Bar No. 10537300
Federal I.D. No. 3785
Email: ajames@hodgejames.com
Marco A. Jilpas
State Bar No. 24071331
Federal I.D. No. 2983324
Email: mjilpas@hodgejames.com
**HODGE JAMES JILPAS & NICHOLS**
Attorneys at Law
P.O. Box 534329 (78553)
1617 E. Tyler Ave., Suite A
Harlingen, Texas 78550
Telephone: (956) 425-7400
Facsimile:  (956) 425-7707
***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the above and foregoing, Defendant's First Amended Answer, has been served on the 2nd day of September, 2022, to all attorneys of record via the District's CM/ECF:

Email: dsantos@dsantoslaw.com
Daniel Santos
Law Office of Daniel Santos, P.C.
605 E. Violet Ave., Ste. 3
McAllen, Texas 78504

***Attorney for Plaintiff***


/s/ Anthony B. James
Anthony B. James